1  KENNETH R. VAN VLECK (SBN 168313)
JAMES L. JACOBS, (SBN 158277)
2  GCA LAW PARTNERS LLP
1891 Landings Drive
3  Mountain View, CA  94043
Telephone:  (650) 428-3900
4  Facsimile:  (650) 428-3901
E-mail:      kvanvleck@gcalaw.com
5               jjacobs@gcalaw.com

6  Attorneys for Plaintiff
CONCORDE EQUITY II, LLC
7

8

9               UNTED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13 CONCORDE EQUITY II, LLC, a Delaware limited liability company; | No. CV 10 1041 SC |
| 14 | **SECOND  AMENDED COMPLAINT** |
| 15 Plaintiff, | **1. FRAUD;** |
| vs. | **2. NEGLIGENT MISREPRESENTATION;** |
| 16 | **3. RICO VIOLATION;** |
| 17 KENNETH ALFRED MILLER, an individual; , GEORGE CRESSON, an individual; LOANVEST XIII, L.P., a | **4. VIOLATION OF UNFAIR BUSINESS PRACTICES ACT;** |
| 18 California Limited Partnership; SENTINEL INVESTMENT MANAGEMENT | **5. BREACH OF FIDUCIARY DUTY;** |
| 19 COMPANY, a California Corporation; SOUTH BAY REAL ESTATE | **6. MONEY HAD AND RECEIVED;** |
| 20 COMMERCE GROUP, LLC, a California Limited Liability Company; PETER SCOTT | **7. BREACH OF WRITTEN CONTRACT;** |
| 21 CARTER, Jr., an individual; and OLD REPUBLIC TITLE COMPANY, a Vermont | **8. BREACH OF ORAL CONTRACT** |
| 22 corporation, | **9. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| 23 Defendants. | **10. QUASI-CONTRACT;** |
| | **11. DECLARATORY RELIEF;** |
| 24 | **12. RESULTING TRUST;** |
| | **13. ESCROW NEGLIGENCE;** |
| 25 | **14. BREACH OF FIDUCIARY DUTY – ESCROW;** |
| 26 | **15. QUIA TIMET.** |
| | **JURY DEMAND** |
| 27 | Action filed:     February 16, 2010 |
| | Dept:              1 |
| 28 | Judge:             Hon. Samuel Conti |

1

2       Plaintiff CONCORDE EQUITY II, LLC (referred to herein as "CONCORDE")

3   complains of Defendants KENNETH ALFRED MILLER; GEORGE CRESSON;

4   LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY;

5   SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; PETER SCOTT CARTER,

6   Jr.; OLD REPUBLIC TITLE COMPANY (collectively "Defendants") and each of them,

7   as follows:

8                          **JURISDICTION AND VENUE**

9       1.      Defendants removed this action to the United States District Court pursuant

10  to 28 U. S. C. sections 1331, 1441, and 1367(A).

11      2.      Defendants selected venue in this Division because defendants live in the

12  City and County of San Francisco.

13                             **THE PARTIES**

14      3.      At all times mentioned herein plaintiff CONCORDE was and now is a

15  Delaware limited liability company. CONCORDE is a technology investment company,

16  with its principle place of business in Virginia.

17      4.      Plaintiff is informed and believes and thereupon alleges that at all times

18  Defendant KENNETH ALFRED MILLER ("MILLER"), is an individual, residing in the

19  City and County of San Francisco, California.

20      5.      Plaintiff is informed and believes that Defendant MILLER is a California

21  licensed real estate broker and in that capacity was and is the sole owner of defendant

22  SENTINEL INVESTMENT MANAGEMENT COMPANY.

23      6.      Plaintiff is informed and believes and thereupon alleges that at all times

24  alleged herein defendant SENTINEL INVESTMENT MANAGEMENT COMPANY

25  ("SENTINEL") was and now is a California corporation, with its principle place of

26  business in the City and County of San Francisco, California.

27

28

SECOND -AMENDED COMPLAINT –                -2-
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

7.      Plaintiff is informed and believes and thereupon alleges that at all times Defendant GEORGE CRESSON ("CRESSON"), is an individual, residing in the City and County of San Francisco, California.

8.      Plaintiff is informed and believes and thereupon alleges that at all times alleged herein defendant LOANVEST XIII, L.P  ("LOANVEST XIII") was and now is a California Limited Partnership, with its principle place of business in the City and County of San Francisco, California.

9.      Plaintiff is informed and believes and thereupon alleges that at all times alleged herein defendant SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC, a California Limited Liability Company ("SOUTH BAY") was and now is a California Limited Liability Company, with its principle place of business in the City and County of San Francisco, California.

10.     Plaintiff is informed and believes and thereupon alleges that at all times alleged herein Defendant PETER SCOTT CARTER, Jr. ("CARTER"), is an individual, residing in the City and County of San Francisco, California, and that CARTER holds himself out as the owner and operator of SOUTH BAY, and that CARTER contends that SOUTH BAY is the managing general partner of LOANVEST XIII.

11.     Plaintiff is informed and believes and thereupon allege that at all times mentioned herein there existed a unity or identity of interest and ownership among MILLER and CRESSON on the one hand and LOANVEST XIII on the other, such that any individuality and separateness between and among them have ceased.  MILLER and CRESSON are the alter egos of LOANVEST XIII in that MILLER and CRESSON and LOANVEST XIII disregarded the legal Limited Partnership formalities of LOANVEST XIII by, among other things, failing to maintain adequate required records for LOANVEST XIII; failing to maintain arm's-length relationships between LOANVEST XIII and MILLER and CRESSON; inadequately capitalizing LOANVEST XIII; treating the assets of LOANVEST XIII as MILLER and CRESSON's own; commingling LOANVEST XIII's and MILLER and CRESSON's funds and other assets, including but

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   not limited to, collateralizing LOANVEST XIII's assets to secure MILLER and

2   CRESSON's debts; and manipulating assets and liabilities so as to concentrate the

3   liabilities in LOANVEST XIII and the assets in MILLER and CRESSON.

4        12.    Plaintiff is informed and believes and thereupon alleges that at all times

5   mentioned herein there existed a unity or identity of interest and ownership between

6   MILLER and SENTINEL, such that that any individuality and separateness between and

7   among them have ceased.  MILLER is the alter ego of SENTINEL in that MILLER and

8   SENTINEL disregarded the legal corporate formalities of SENTINEL by, among other

9   things, failing to maintain adequate required records for SENTINEL; failing to maintain

10   arm's-length relationships between SENTINEL and MILLER; inadequately capitalizing

11   SENTINEL; treating the assets of SENTINEL as MILLER's own; commingling

12   SENTINEL's and MILLER's funds and other assets, including but not limited to,

13   collateralizing SENTINEL's assets to secure MILLER's debts; and manipulating assets

14   and liabilities so as to concentrate the liabilities in SENTINEL and the assets in MILLER.

15        13.    Plaintiff is informed and believes and thereupon alleges that adherence to

16   the separate existence of SENTINEL and LOANVEST XIII would abuse corporate

17   privilege, and or the limited partnership privilege and promote injustice.

18        14.    Plaintiff is informed and believes and thereon alleges that Defendant OLD

19   REPUBLIC TITLE COMPANY is a California corporation doing business in California,

20   with an office in San Francisco.

21        15.    The true names and capacities, whether individual, corporate, associate, or

22   otherwise, of Defendants named herein as DOES 2 through 20, inclusive, are unknown to

23   Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is

24   informed and believes and thereon alleges that each of the Defendants designated herein as

25   a DOE is legally responsible in some manner for the acts, omissions, and events alleged

26   herein and proximately caused damages and injury to Plaintiff as herein alleged. Plaintiff

27   will seek leave to amend this Complaint to show the true names and capacities of those

28   fictitiously named Defendants when they have been ascertained.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-4-

16.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants was and now is the agent, servant, employee, partner, principal, representative, and/or alter ego of each of the remaining Defendants and was acting within the course and scope of their authority as such agent, servant, employee, partner, principal, representative, and/or alter ego with the permission, knowledge and consent of the remaining Defendants.

## GENERAL ALLEGATIONS

**The Bretz Transaction**

17.     Prior to and up to May 5, 2009, MILLER and SENTINEL made representations to CONCORDE and CONCORDE's managing partner Rob Fitzgerald designed to cause CONCORDE to invest money in a loan transaction involving non-party borrowers Q-Black, LLC, a California Limited Liability Company, Soma Diversified, LLC, a California Limited Liability Company, The Chosen One TWF, LLC, a California Limited Liability Company, and SF Night Life, LLC, a California Limited Liability Company (the "Bretz Transaction").

18.     MILLER and SENTINEL acted as real estate brokers for CONCORDE with regard to the Bretz Transaction and earned a substantial loan brokerage commission of $20,000.  In addition MILLER and SENTINEL kept $15,000 of the loan proceeds, which they represented was to reimburse underwriting and legal fees incurred.

19.     MILLER and SENTINEL orally represented to CONCORDE that they had performed full and adequate due diligence on the collateral to be used to secure the loan in the Bretz Transaction, and that in fact the collateral to be used to secure the loan was appropriate and adequate.

20.     The borrowers in the Bretz Transaction made a single loan payment to CONCORDE, never made any further payment, and defaulted on the loans.  The primary real estate collateral was inadequate, and was foreclosed upon by senior lien holders, foreclosing out all of CONCORDE's interest therein.

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-5-

21.     To date, CONCORDE has been unable to recover the principal amount of the Bretz Transaction loan and has lost virtually the entire amount of the loan.

**The ROEM Transaction**

22.     Beginning in and around September 2009, Defendants and each of them engaged in a series of misrepresentations and concealments designed to cause CONCORDE to send money to Defendants ostensibly to be used as a real estate investment to be made in California by LOANVEST XIII to ROEM Builders and/or ROEM Development Company.

23.      During the period running from approximately September 2009 to November 2009, CONCORDE'S managing partner, Fitzgerald spoke with Miller regarding the ROEM transaction dozens of times and spoke with both CRESSON and MILLER by telephone on several occasions.   In various of those calls, both MILLER and CRESSON discussed CONCORDE contributing the funding for a loan to be made by an entity created by MILLER or CRESSON called LOANVEST XIII.  According to MILLER and CRESSON, the borrower had already been identified.  During the course of these many telephone discussions, CRESSON and MILLER represented to Fitzgerald that CONCORDE EQUITY II's participation in the ROEM LOAN would entitle it to a return of 17% on the contributed money, as well as three points for loan origination fees plus one point on the total loan amount.

24.     On numerous occasions, both MILLER and CRESSON also represented that CRESSON and possibly members of CRESSON's family would be participating pro rata with CONCORDE in the ROEM Transaction.

25.     On or about September 16, 2009, Fitzgerald travelled to California and had meetings with MILLER and principals of ROEM on or about September 16 and 17.  In addition, Fitzgerald had lengthy conversations with MILLER about the deal structure, CONCORDE's involvement and expected return.

26.     In addition to the face-to-face meeting and numerous telephone conversations between Fitzgerald, CRESSON and MILLER, there were also numerous

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   email communications between them in furtherance of Defendants' deception of

2   CONCORDE.  For example, on or about October 7, 2009, MILLER forwarded to

3   Fitzgerald an e-mail containing documents that would form the foundation for the loan to

4   be made by LOANVEST XIII to ROEM, including, without limitation, a promissory note,

5   deed of trust, and stock pledge agreements.

6         27.    On October 19, 2009 MILLER, referring to the various transactional

7   documents forwarded to CONCORDE on or about October 7, 2009, represented in writing

8   to CONCORDE that CONCORDE would receive 17% interest on its investment plus an

9   initial 4 points, and that "[a]lthough the documents reflect the only lender as our Loanvest

10   entity, you will go direct on title for your pro-rata percentage of the loan by way of an

11   assignment at close.  You will be direct on title, with title insurance, when the loan closes."

12   At the time of these representations – which expressly included the quoted written

13   representation to the effect that Loanvest was "our" [MILLER's and CRESSON's] entity

14   (which was consistent with the oral representations also made to CONCORDE by

15   MILLER and CRESSON regarding LOANVEST XIII) --  MILLER sent wiring

16   instructions for CONCORDE to send money to OLD REPUBLIC TITLE COMPANY to

17   be used in the subject transaction.

18         28.    On or about October 19, 2009, in response to Fitzgerald's concerns that

19   CONCORDE was being asked to wire almost one million dollars into an escrow account

20   with no documentation, MILLER orally assured CONCORDE that the money MILLER

21   and CRESSON were both asking CONCORDE to deliver into an escrow account with

22   OLD REPUBLIC TITLE COMPANY would not be transferred out of that escrow account

23   without the express written consent of CONCORDE.

24         29.    On or about October 21, 2009, based on MILLER's representations and

25   assurances, (including the assurance that the money would not be disbursed without

26   Fitzgerald's express written permission), CONCORDE caused a total of $930,000 to be

27   wired into the OLD REPUBLIC TITLE COMPANY escrow account, as requested by

28   MILLER and CRESSON, with the intent that it would represent one fourth of the total

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   ROEM LOAN.  The wire transfers took place from three separate accounts: Burke &

2   Herbert Bank & Trust Company – with CONCORDE as the account holder for $460,000;

3   Scottrade – with CONCORDE as the account holder for $355,000; and Scottrade – with

4   Robert Eugene Fitzgerald as the account holder for $115,000.   The money from

5   Fitzgerald's personal account, was sent on behalf of CONCORDE and has been repaid by

6   CONCORDE to Fitzgerald since the time of the wire transfer.

7        30.     Prior to November 10, 2009 but after receiving confirmation that money

8   had been transferred to the OLD REPUBLIC TITLE COMPANY escrow account,

9   CRESSON advised Fitzgerald in a telephone call that the disbursement schedule for the

10  ROEM LOAN was being adjusted such that the first disbursement was being reduced from

11  $4 million to $2 million although the total loan amount would remain the same.

12       31.     Thereafter, on November 10, 2009, CRESSON sent Fitzgerald an e-mail

13  confirming CRESSON's oral representations that the first funding disbursement to ROEM

14  would be reduced from approximately $4,000,000 to approximately $2,000,000.

15  CRESSON also confirmed what had been discussed on the call -- that CONCORDE's

16  participation in the loan would be to "receive 3 pts on contribution and 1 pt on aggregate

17  first disbursement amount"… and one "pt. on amount of 2nd disbursement."

18       32.     On November 11, 2009, in response to CRESSON's November 10, 2009 e-

19  mail, Rob Fitzgerald, on behalf of CONCORDE wrote to CRESSON, with a detailed

20  confirming summary of their numerous telephone discussions and the November 10, 2009

21  CRESSON e-mail, regarding points, interest, collateral, and amounts.  Among the terms

22  confirmed in that correspondence was that CONCORDE would receive collateral-secured

23  interests in properties identified as:  "First on Japan Town Property, First on Alameda

24  property, First on 'small house,' Third on Robert's house."  The correspondence also

25  confirmed that CONCORDE had already wired $930,000, in response to MILLER's e-mail

26  of October 19, 2009, to OLD REPUBLIC TITLE COMPANY.  Fitzgerald also informed

27  CRESSON that since the amount of the first disbursement had been cut in half that

28

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-8-

1  CONCORDE would like to have its participation cut in half to $500,000 net of fees and

2  asked for the return of $460,000.

3      33.    On Friday November 13, 2009, Fitzgerald, having not heard back from

4  CRESSON, wrote to MILLER with the same information he had sent to CRESSON,

5  reconfirming his understanding of the deal points and that he had already wired $930,000

6  to OLD REPUBLIC TITLE COMPANY on MILLER's earlier representations.  Fitzgerald

7  asked that MILLER "confirm that all of the information is correct and also confirm that

8  dollar amount that I am in for."

9      34.    On information and belief, CONCORDE alleges that the ROEM loan

10  transaction closed on Friday November 13, 2009.  In that transaction, CARTER signed the

11  loan documentation, as the Manager of SOUTH BAY, the Managing General Partner of

12  LOANVEST XIII.

13      35.    Having not received any response from CRESSON on the November 11,

14  2009 e-mail or MILLER from the November 13, 2009 e-mail, and having received none of

15  the promised documentation related to CONCORDE's position in with regard to the

16  ROEM loan, on November 14, 2009, Fitzgerald sent an e-mail to both MILLER and

17  CRESSON demanding the immediate return of CONCORDE's money.

18      36.    On Saturday, November 14, 2009 MILLER called Fitzgerald expressing

19  concern that Fitzgerald wanted CONCORDE's money returned, and pleading with

20  Fitzgerald that he was putting MILLER and MILLER'S partners and cohorts "in a bind"

21  by demanding the return of CONCORDE's money.  Although MILLER and Fitzgerald

22  talked several times on the 14th, at no time did MILLER indicate that the transaction with

23  ROEM had closed.

24      37.    On Monday, November 16, 2009 MILLER informed Fitzgerald that the

25  money Fitzgerald had wired into the OLD REPUBLIC escrow account back in October

26  had been removed from OLD REPUBLIC's account without Fitzgerald's permission, and

27  that the ROEM LOAN had, in fact, funded and closed on Friday, November 13, 2009

28  using that money as a portion of the loan funding.  MILLER further informed Fitzgerald

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-9-

1   that although CONCORDE's money was used to fund the transaction with ROEM,

2   CONCORDE was to have no interest in the loan nor was MILLER or SENTINEL in a

3   position to return CONCORDE's money.  When pressed by Fitzgerald how MILLER

4   could rationalize such an injustice, MILLER stated, "Let's pretend it was a personal loan

5   to me."

6          38.     CONCORDE is informed and believes (and CARTER has stated under

7   oath) that CARTER, through the SOUTH BAY entity he owns and operates, participated

8   in the management of LOANVEST XIII, and that CARTER and SOUTH BAY knowingly

9   participated in, and took steps in furtherance of, removing CONCORDE's funds from the

10  OLD REPUBLIC escrow account without Fitzgerald's permission, in furtherance of the

11  fraud and deception of Defendants against CONCORDE, and with the actual intent to

12  commit fraud against CONCORDE.  CARTER and SOUTH BAY, along with MILLER,

13  CRESSON, LOANVEST XIII, and SENTINEL, engaged in a conspiracy to commit the

14  acts alleged herein, and in particular, each of these Defendants knew of, and authorized

15  and encouraged, the acts of each other defendant with the intent that the acts committed in

16  furtherance of the frauds set forth herein should benefit each of these Defendants.

17         39.     Based on MILLER's statement that the ROEM transaction had closed on

18  November 13, 2009, Fitzgerald wrote to MILLER on November 17, 2009, asking that

19  MILLER "explain in writing what Concorde II's involvement in the deal currently is and

20  what is the plan going forward?"

21         40.     On November 17, 2009, MILLER left a voice message for Fitzgerald,

22  confirming that the loan to ROEM had been completed using CONCORDE's money, but

23  that, contrary to the representations MILLER made on October 19, 2009, contrary to

24  CRESSON's oral representations prior to November 10, 2009, contrary to the

25  representations made by CRESSON on November 10, 2009, and contrary to the written

26  confirmations made by Fitzgerald on November 11, 2009 and November 13, 2009,

27  CONCORDE did not have any participatory interest in the transaction, was not secured in

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   any way, and was not going to "be direct on title, with title insurance, when the loan

2   closes."

3       41.     In response, Fitzgerald wrote to MILLER on November 17, 2009, asserting

4   that "Concorde Equity II wired $930,000 per your instruction for a loan to ROEM.  You

5   have told me that the deal closed on Friday, including the use of this money.  So as a

6   result, Concorde Equity II currently owns something.  It is my belief that Concorde Equity

7   II currently owns $980,000 in participation of some type of loan to ROEM earning interest

8   at the rate of 17%.  Please provide IN WRITING a description of what exactly Concorde

9   Equity II currently owns."

10      42.     MILLER failed to provide any explanation of CONCORDE's investment

11  position, failed to provide any information that CONCORDE was "direct on title, with title

12  insurance," and failed to offer any explanation of how CONCORDE's money was used to

13  fund a loan to ROEM with CONCORDE not being secured in the loan.

14                          **FIRST CAUSE OF ACTION**

15                                  **FRAUD**

16  (Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST

17      XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY

18          REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

19      43.     CONCORDE hereby realleges and incorporates by reference herein

20  paragraphs 1-42 as though fully set forth herein.

21      44.     The representations made by MILLER and CRESSON as set forth herein

22  were not true when made.

23      45.     With regard to the Bretz Transaction, CONCORDE is informed and

24  believes that the truth was that MILLER and SENTINEL failed to adequately investigate

25  (or investigate at all) the collateral used to securitize the loan in the Bretz Transaction, and,

26  in addition, MILLER and SENTINEL did not in fact incur $15,000 in underwriting and

27  legal expenses, as they represented when they sought and obtained reimbursement of

28  $15,000 in falsely-reported underwriting and legal expenses.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –                    -11-
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

46.     CONCORDE is further informed and believes that MILLER and SENTINEL made the misrepresentation regarding their investigation of the collateral in order to induce, and with the intention of inducing, CONCORDE to loan money in the Bretz Transaction, so that MILLER and SENTINEL would earn a commission and be able to keep the reimbursed falsely-reported underwriting and legal expenses.

47.     With regard to the ROEM Transaction, CONCORDE is informed and believes that the truth was that MILLER and CRESSON at all times intended to cause CONCORDE to deliver money into an escrow account to be used by LOANVEST XIII for the benefit of MILLER, CRESSON, LOANVEST XIII, SOUTH BAY, and SENTINEL in the funding of a loan to ROEM, knowing that these Defendants each intended to misappropriate CONCORDE's money to be used in the ROEM transaction exclusively for their benefit.

48.     At the time MILLER made the representation that CONCORDE would receive 17% interest on its investment plus an initial 4 points, and that "[a]lthough the documents reflect the only lender as our Loanvest entity, you will go direct on title for your pro-rata percentage of the loan by way of an assignment at close.  You will be direct on title, with title insurance, when the loan closes," MILLER knew these representations to be false, and that in fact MILLER and the other Defendants intended that CONCORDE would not receive 17% interest, or for that matter, any interest at all; that CONCORDE would not receive an initial 4 points; that CONCORDE would not go direct on title for a pro-rata percentage of the loan; that CONCORDE would not receive title insurance; that CONCORDE's promised interest would not be delivered when the loan closed, or, for that matter at any time.

49.     At the times CRESSON represented that CONCORDE's participation in the ROEM LOAN would entitle it to a return of 17% on the contributed money, and that its participation in the loan would be to "receive 3 pts on contribution and 1 pt on aggregate first disbursement amount"… and one "pt. on amount of 2nd disbursement," CRESSON knew these representations to be false, and that in fact CRESSON and the other

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

1   Defendants intended that CONCORDE would not receive a return of 17% on the

2   contributed money, that CONCORDE would receive no points at any time during the

3   ROEM Transaction, and that Defendants would misappropriate CONCORDE's funds for

4   their own purposes.

5         50.     Defendants MILLER, CRESSON, SENTINEL, and LOANVEST XIII each

6   participated materially in the misrepresentations made to CONCORDE.  The

7   misrepresentations were made with the intent to cause CONCORDE to rely upon them and

8   loan money in the Bretz Transaction, and as set forth in the October 19, 2009 e-mail, to

9   wire money to OLD REPUBLIC TITLE COMPANY in the manner set forth in the wire

10   instructions included in the October 19, 2009 email.

11         51.     CONCORDE did in fact reasonably rely upon the misrepresentations that

12   were made to CONCORDE, and did indeed loan $270,000 on the Bretz Transaction and

13   wire $930,000 to OLD REPUBLIC TITLE COMPANY as instructed by MILLER.

14         52.     As described above, Defendants used CONCORDE's money to fund the

15   ROEM loan, and, as was their plan all along, failed to deliver to CONCORDE any interest

16   or other participation in the ROEM loan.

17         53.     When Fitzgerald asked MILLER why LOANVEST XIII and SOUTH BAY

18   were involved in the transaction, MILLER stated that "all of our deals run through South

19   Bay" and that LOANVEST XIII was a single purpose entity.  MILLER further asserted

20   that LOANVEST XIII and SOUTH BAY  were under the control of MILLER and

21   CRESSSON and that "George's brother in law" --  which CONCORDE now believes to be

22   CARTER --  operated as the general partner of SOUTH BAY "to help them out."

23         54.     CONCORDE is informed and believes that CARTER and SOUTH BAY

24   knowingly participated in and took steps in furtherance of removing CONCORDE's funds

25   from the OLD REPUBLIC escrow account, without Fitzgerald's permission, and in

26   furtherance of the fraud and deception against CONCORDE, and with the actual intent to

27   commit fraud against CONCORDE.

28

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

55.     The aforementioned conduct by Defendants and each of them was intentional, despicable, malicious, fraudulent, and oppressive and done with the intent of depriving CONCORDE of its property and causing damage to CONCORDE. CONCORDE is therefore entitled to an award of punitive damages against Defendants and each of them.

WHEREFORE CONCORDE prays for relief as set forth below.

## SECOND CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P. and SENTINEL INVESTMENT MANAGEMENT COMPANY)

56.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1 - 55 as though fully set forth herein.

57.     Defendants MILLER and CRESSON, individually and on behalf of their alter egos, made these representations set forth herein without any reason to believe that they were true when made, and in fact these represented facts were not true when made.

58.     Each of these Defendants made these representations with the intent that CONCORDE would rely upon them in making the decision to change its position to its detriment.

59.     CONCORDE did in fact reasonably rely upon the represented facts from Defendants and acted upon said reliance to its detriment.

60.     CONCORDE suffered actual out of pocket losses as a result of its reliance on Defendants' representations by, among other things, delivering $270,000 to the borrowers in the Bretz Transaction and wiring $930,000 to OLD REPUBLIC TITLE COMPANY, as directed by MILLER in the ROEM Transaction.

WHEREFORE, CONCORDE prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### VIOLATION 18 U.S.C. 1962(C)
### OPERATION OF ENTERPRISE THROUGH
### RACKETEERING ACTIVITY

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-14-

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; SOUTH

BAY REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

61.     CONCORDE hereby realleges and incorporates by reference herein

paragraphs 1- 10, 14-15, and 17- 60 as though fully set forth herein.

62.     CONCORDE is a Limited Liability Company and was engaged in activities

affecting federal interstate and/or foreign commerce.  CONCORDE is a "person" as that

term is defined pursuant to 18 U.S.C. section 1961(3).

63.     The actions engaged in by Defendants MILLER, CRESSON, SOUTH BAY

and CARTER in furtherance of the frauds committed by them were predicate acts under 18

U.S.C. 1962, including, without limitation, violation of 18 U.S.C. 1343 (wire fraud).

64.     CONCORDE  is informed and believes that each of these Defendants

owned and operated LOANVEST XIII.

65.     The conduct, activity, practices, commissions and/or omissions of

Defendants MILLER, CARTER, CRESSON, and SOUTH BAY are attributable and/or

ascribable to them.

66.     Each of these Defendants was employed by and associated with each other,

and engaged in conduct that constitutes a RICO pattern of racketeering activity.

67.     Each of the following configurations constitute a RICO "enterprise," as that

term is defined in 18 U.S.C. section 1961(4):

        a.   At all material times herein, each of LOANVEST XIII and SENTINEL

was a RICO enterprise, organized and maintained by and through a

consensual hierarchy of partners, managers, directors, officers,

supervisors and/or representatives that formulate and implement

policies relative to the lending of money to borrowers.  RICO persons

MILLER, CARTER, CRESSON, SOUTH BAY and persons acting in

concert therewith, were employed by and associated with said RICO

enterprises that were at all material times herein engaged in, or activities

of which affected, interstate or foreign commerce, and that said RICO

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   persons, acting in concert therewith, conducted participated, directly or

2   indirectly, in the conduct of such RICO enterprise's affairs through a

3   RICO pattern of racketeering activity.

4   b.   MILLER, CARTER, CRESSON and SOUTH BAY, and other

5   defendants, including DOES and each of them, engaged in "racketeering

6   activity" within the meaning of 18 U.S.C. section 1961(1) by engaging

7   in the acts set forth above, aiding and abetting the commission of the

8   foregoing acts, and/or conspiring to commit the foregoing acts, in

9   violation of 18 U.S.C. section 1343, relating to wire fraud.

10   68.   The aforementioned acts and/or conduct engaged in by these Defendants

11   and each of them constituted a "pattern of racketeering activity" as that term is defined in

12   18 U.S.C. 1961(5) in that two or more predicate acts, in particular the acts in furtherance of

13   the fraud in the Bretz Transaction and the acts in furtherance of the fraud in the ROEM

14   Transaction, were undertaken by these Defendants within the past 10 years, and this

15   pattern of activity has persisted for more than a year and continues to this very day insofar

16   as these Defendants continue to engage in fraudulent acts and policies with respect to the

17   lending of money to borrowers. Insofar as these Defendants continue to participate in the

18   business of lending money to borrowers, their criminal conduct is specifically threatened

19   to be repeated or to extend indefinitely into the future.

20   69.   CONCORDE is, by virtue of these Defendants' RICO violations, entitled to

21   recover the principal amount of its actual losses, any profits earned by these Defendants

22   and each of them, and said sum to be trebled, as well as attorney's fees, costs and

23   prejudgment interest.

24   WHEREFORE, CONCORDE prays for judgment as set forth below.

25   **FOURTH CAUSE OF ACTION**

26   **VIOLATION OF UNFAIR BUSINESS PRACTICES ACT**

27

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

1  (Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST

2      XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY

3          REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

4      70.    CONCORDE hereby realleges and incorporates by reference herein

5  paragraphs 1- 69 as though fully set forth herein.

6      71.    The California Business & Professions Code proscribes any unlawful,

7  unfair or fraudulent business act or practice.

8      72.    The unlawful, unfair and fraudulent acts alleged herein were committed as

9  part of the Defendants' business practices.

10     73.    The acts complained of above constitute unlawful, unfair and fraudulent

11  business practices perpetrated on Plaintiff CONCORDE and others.  As a direct and

12  proximate result of Defendants' Business & Professions Code violations, Plaintiff

13  CONCORDE has been damaged.

14     74.    Plaintiff CONCORDE is entitled to restitution of all monies received by the

15  Defendants as a result of their illegal and unfair business practices, as prohibited by the

16  California Business & Professions Code.

17     75.    Plaintiff CONCORDE further requests the issuance of appropriate

18  injunctive relief to prevent these Defendants from further violations. B & P section 17203,

19  which provides that any person who engages, has engaged, or proposes to engage in unfair

20  competition may be enjoined in any court of competent jurisdiction. The court may make

21  such orders or judgments, including the appointment of a receiver, as may be necessary to

22  prevent the use or employment by any person of any practice which constitutes unfair

23  competition, as defined in this chapter, or as may be necessary to restore to any person in

24  interest any money or property, real or personal, which may have been acquired by means

25  of such unfair competition.

26     76.    Plaintiff CONCORDE is informed and believes that Defendants and each of

27  them are now and continue to earn 18% interest on the money received from CONCORDE

28  and loaned to ROEM, plus other charges imposed in that transaction.  Plaintiff

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1   CONCORDE is entitled to disgorgement of all monies so earned on the money taken from

2   CONCORDE.

3          WHEREFORE, CONCORDE prays for judgment as set forth below.

4   **FIFTH CAUSE OF ACTION**

5   **BREACH OF FIDUCIARY DUTY**

6   (Against Defendants KENNETH ALFRED MILLER and SENTINEL INVESTMENT

7   MANAGEMENT COMPANY)

8       77.    CONCORDE hereby realleges and incorporates by reference herein

9   paragraphs 1 - 76 as though fully set forth herein.

10       78.    Defendants MILLER and SENTINEL, acting as licensed real estate brokers

11   for CONCORDE owed a fiduciary duty to CONCORDE, requiring MILLER and

12   SENTINEL to put CONCORDE's interests over their own, and to protect CONCORDE's

13   interests.

14       79.    MILLER and SENTINEL failed to protect CONCORDE's interests, and

15   indeed affirmatively took steps to violate the fiduciary duty owed to CONCORDE by

16   conspiring to, and actually committing, fraud against CONCORDE, among other things.

17       80.    The aforementioned conduct by these Defendants and each of them was

18   intentional, despicable, malicious, fraudulent, and oppressive and done with the intent of

19   depriving CONCORDE of its property and causing damage to CONCORDE.

20   CONCORDE is therefore entitled to an award of punitive damages against Defendants and

21   each of them.

22          WHEREFORE, CONCORDE prays for judgment as set forth below.

23   **SIXTH CAUSE OF ACTION**

24   **MONEY HAD AND RECEIVED**

25   (Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST

26   XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY

27   REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-18-

81.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1 - 42 as though fully set forth herein.

82.     On or about October 19, 2009, CONCORDE delivered to Defendants and each of them money in the amount of $930,000, which money was received by Defendants and used by Defendants.

83.     On or about November 19, 2009, CONCORDE demanded return of said money from Defendants.

84.     CONCORDE is entitled to return of all money delivered to Defendants and each of them, plus interest at the legal rate.

WHEREFORE, CONCORDE prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; and SENTINEL INVESTMENT MANAGEMENT COMPANY)

85.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1 - 42 as though fully set forth herein.

86.     On or about October 19, 2009, Defendant MILLER, on behalf of himself and LOANVEST XIII and his and its alter egos, made the written offer set forth in his e-mail of that date.  The terms of the written offer were that in exchange for CONCORDE's delivery of money into an escrow account at OLD REPUBLIC TITLE COMPANY, as set forth in the written offer, these Defendants and each of them would pay CONCORDE 17% return on the money delivered, plus 4 points at close.  Additionally, each of these Defendants agreed that although the loan documents reflected only Loanvest as the lender, CONCORDE would "go directly on title" for its pro-rata share of the ROEM loan by way of assignment at close of the loan.  The offer confirmed that each of these Defendants would provide title insurance for CONCORDE's position when the loan closed.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-19-

87.     The initial offer made by these Defendants was made in relation to a $4,000,000 loan, which amount was later modified by mutual agreement between the parties, and confirmed in writing between them.

88.     In accepting the written offer, CONCORDE did fully perform its obligations under the contract by delivery of $930,000 to OLD REPUBLIC TITLE COMPANY, as directed by MILLER.

89.     Each of these Defendants has failed to perform its obligations under the written agreement by, without limitation, failing to ensure that CONCORDE's interest in the loan was properly documented, failing to ensure that CONCORDE's interest was placed directly on title, failing to ensure that CONCORDE received title insurance at close of the loan, and failure to deliver any form of written confirmation of CONCORDE's position in the completed ROEM transaction.

90.     Each of these Defendants has breached the written agreement by, among other things, MILLER's written confirmation that he did not know whether CONCORDE's interests were protected in the transaction, and affirmatively disclaiming any written agreement regarding the $930,000.

91.     CONCORDE is entitled to receive the benefit of the bargain under the written agreement, including return of principal, plus 4 points, plus interest at 17%.

WHEREFORE, CONCORDE prays for judgment as set forth below.

**EIGHTH CAUSE OF ACTION**

**BREACH OF ORAL CONTRACT**

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; and SENTINEL INVESTMENT MANAGEMENT COMPANY)

92.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1 - 42 and 87 - 91 as though fully set forth herein.

93.     Defendants MILLER and CRESSON, and their alter egos, by and through MILLER and CRESSON, orally confirmed the terms of the written agreement.

94.     These Defendants, by and through MILLER and CRESSON, and Plaintiff CONCORDE orally confirmed the terms set forth by Fitzgerald on November 11, 2009 and November 13, 2009, including collateral for the loan, interest rate, and loan amount.

95.     These Defendants, by and through MILLER and CRESSON, orally accepted the terms of the agreement set forth herein.

96.     CONCORDE fully performed all that was required of it under the oral agreement.

97.     These Defendants have breached the oral agreement by, among other things, MILLER's written confirmation that he did not know whether CONCORDE's interests were protected in the transaction, and affirmatively disclaiming any agreement regarding the $930,000.

98.     CONCORDE is entitled to receive the benefit of the bargain under the written agreement, including return of principal, plus 4 points, plus interest at 17%.

WHEREFORE, CONCORDE prays for judgment as set forth below.

## NINTH CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND

## FAIR DEALING

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST

XIII, L.P.; and SENTINEL INVESTMENT MANAGEMENT COMPANY)

99.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1 – 42 and 87 - 98 as though fully set forth herein.

100.    There existed a contract among CONCORDE, on the one hand, and MILLER, CRESSON, LOANVEST XIII and SENTINEL, on the other hand.

101.    CONCORDE did all that was required of it to be done under the terms of the contract.

102.    All conditions required for these Defendants' performance had occurred.

103.    These Defendants unfairly interfered with CONCORDE'S right to receive the benefits of the contract.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

104.     As a proximate result of Defendants' actions, CONCORDE was harmed as set forth herein.

WHEREFORE CONCORDE prays for judgment as set forth below.

## TENTH CAUSE OF ACTION

## QUASI-CONTRACT

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

105.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1- 104 as though fully set forth herein.

106.     By virtue of the receipt of money from CONCORDE, the receipt of interest and other fees from ROEM and potentially others based upon the money received from CONCORDE, all of which provided value to Defendants and the receipt of which Defendants have acknowledged, accepted, and benefited from, and, further, by virtue of Defendants failure to deliver money, security or other consideration to CONCORDE for the money had and received, Defendants and each of them have been unjustly enriched, and it would be inequitable and unconscionable for the Defendants to enjoy and retain the benefits they received  .

107.     CONCORDE is entitled to restitution and recovery of a sum equal to the amount by which Defendants have been unjustly enriched.

WHEREFORE CONCORDE prays for relief as set forth below.

## ELEVENTH CAUSE OF ACTION

## DECLARATORY RELIEF

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

108.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1- 107 as though fully set forth herein.

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

109.     There exists an actual controversy among the parties as to what interest, both in type and quantity, is owned by CONCORDE in the ROEM Transaction.

110.     CONCORDE has demanded that Defendants deliver to CONCORDE its actual beneficial interest in the ROEM Transaction, and Defendants have refused.

111.     CONCORDE desires a judicial determination of the rights and liabilities of the parties with regard to the beneficial interests owned in the ROEM Transaction.

WHEREFORE CONCORDE prays for relief as set forth below.

## TWELFTH CAUSE OF ACTION

## RESULTING TRUST

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; PETER SCOTT CARTER, Jr. and OLD REPUBLIC)

112.     CONCORDE hereby realleges and incorporates by reference herein paragraphs 1- 111 as though fully set forth herein.

113.     On information and belief CONCORDE alleges that Defendants MILLER, CRESSON, LOANVEST XIII, SENTINEL, SOUTHBAY, CARTER and OLD REPUBLIC have each taken custody, possession, dominion or control over interests that are legally or equitably owned by CONCORDE resulting from the ROEM Transaction, including, without limitation, the loan documents associated with the ROEM Transaction, the security received in exchange for the money lent to ROEM, and any equitable property interests obtained in exchange for the loan to ROEM using CONCORDE's money, and these Defendants are holding those interests in trust for and on behalf of the true owner, CONCORDE.

WHEREFORE CONCORDE prays or relief as set forth below.

## THIRTEENTH CAUSE OF ACTION

## ESCROW NEGLIGENCE

(Against Defendant OLD REPUBLIC TITLE COMPANY)

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

114.    CONCORDE hereby realleges and incorporates by reference herein paragraphs 1- 113 as though fully set forth herein.

115.    On or about October 21, 2009, Fitzgerald wired a total of $930,000 into OLD REPUBLIC TITLE COMPANY's escrow account at City National Bank, federal routing number 122016006, marked as Credit to the account of OLD REPUBLIC TITLE COMPANY  Account No. 013-358788.

116.    OLD REPUBLIC TITLE COMPANY received and held the funds on behalf of CONCORDE, and had a duty to CONCORDE to protect the funds and avoid distributing them other than in accordance with CONCORDE's express escrow instructions.

117.    OLD REPUBLIC TITLE COMPANY had a further duty to identify the depositor of the funds and to obtain instructions from the depositor on how, or whether, to distribute the funds from the escrow account.

118.    OLD REPUBLIC TITLE COMPANY had a further duty to clarify any instructions that were ambiguous or indefinite, and to not close escrow or distribute funds from escrow until and unless all instructions were definite and unambiguous

119.    In violation of its duties to CONCORDE, Defendant OLD REPUBLIC TITLE COMPANY did not contact Fitzgerald or CONCORDE to determine who was responsible for depositing funds into OLD REPUBLIC TITLE COMPANY's account or to obtain instructions on how, or whether, to distribute the funds, or to clarify any ambiguous instructions.

120.    On or about Friday November 13, 2010, OLD REPUBLIC TITLE COMPANY distributed the funds from its escrow account without obtaining instructions from CONCORDE on how, or whether, to distribute the funds.

121.    Prior to distributing the funds from escrow, OLD REPUBLIC TITLE COMPANY did not contact either Fitzgerald or CONCORDE, did not inform either CONCORDE or Fitzgerald that the funds would be distributed from OLD REPUBLIC

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1  TITLE COMPANY'S escrow account, and did not seek any instruction from the depositor

2  about how to distribute the funds deposited.

3       122.    Prior to distributing CONCORDE's funds from escrow, OLD REPUBLIC

4  TITLE COMPANY did not take any steps to ensure that CONCORDE's interests were

5  protected, in violation of OLD REPUBLIC TITLE COMPANY's duty to CONCORDE.

6       123.    After distributing the funds, OLD REPUBLIC TITLE COMPANY did not

7  inform Fitzgerald or CONCORDE that the funds had been distributed.

8       124.    CONCORDE has been forced to sue other defendants herein because of

9  OLD REPUBLIC TITLE COMPANY's negligence, and is therefore entitled to recover

10  attorney fees incurred in that action.

11       WHEREFORE CONCORD prays for relief as set forth below.

12  **FOURTEENTH CAUSE OF ACTION**

13  **BREACH OF FIDUCIARY DUTY - ESCROW**

14  (Against Defendant OLD REPUBLIC TITLE COMPANY)

15       125.    CONCORDE hereby realleges and incorporates by reference herein

16  paragraphs 1- 124 as though fully set forth herein.

17       126.    By virtue of its position as an escrow agent in the ROEM Transaction, OLD

18  REPUBLIC TITLE COMPANY, owed a fiduciary duty to CONCORDE, which duty

19  required OLD REPUBLIC TITLE COMPANY to at all times exercise the utmost loyalty

20  and good faith toward CONCORDE and to exercise reasonable skill and diligence in

21  performing the duties of an escrow agent.

22       127.    OLD REPUBLIC TITLE COMPANY had an obligation to perform not

23  only according to the express written instructions it received, but also to perform according

24  to the implied instructions, including, without limitation, that the depositor of $930,000

25  into OLD REPUBLIC TITLE COMPANY's escrow account should be consulted prior to

26  the distribution of those funds from OLD REPUBLIC TITLE COMPANY's escrow

27  account.

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

128.    OLD REPUBLIC TITLE COMPANY failed to protect CONCORDE's interests, and failed in its fiduciary obligation to CONCORDE.

129.    CONCORDE has been forced to sue other defendants herein because of OLD REPUBLIC TITLE COMPANY's breach of fiduciary duty, and is therefore entitled to recover attorney fees incurred in that action.

**FIFTEENTH CAUSE OF ACTION**

**QUIA TIMET**

(Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.)

130.    CONCORDE hereby realleges and incorporates by reference herein paragraphs 1- 129 as though fully set forth herein.

131.    CONCORDE is informed and believes, and on that basis alleges, that Defendants intend to divest themselves of the beneficial interests each has taken by way of the ROEM Transaction, by, among other things, selling those beneficial interests to third-party buyers.

132.    Defendants and each of them are obligated to deliver CONCORDE's beneficial interest in the ROEM Transaction to CONCORDE.

133.    CONCORDE has no adequate remedy at law for the injury that would be caused by the defendants' sale of their beneficial interests in the ROEM Transaction.  If defendants and each of them are not immediately enjoined from transferring their beneficial interests in the ROEM Transaction, those beneficial interests will be disposed of permanently, and said defendants will render themselves incapable of repaying to CONCORDE the money that defendants and each of them misappropriated from CONCORDE to be used in the fraudulent ROEM Transaction scheme, to the severe and irreparable prejudice of CONCORDE.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-26-

134.     As a proximate result of the conduct of defendants and each of them, CONCORDE has been or will be damaged so long as said defendants are able to transfer their beneficial interests acquired in the ROEM Transaction.

135.     CONCORDE is entitled to receive a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining defendants and each of them, as well as their agents, servants, employees, attorneys and all persons acting under, in concert with, or for them, from further transferring assets without the express written consent and order of this court.

WHEREFORE CONCORDE prays for relief as follows:

**PRAYER**

CONCORDE prays for judgment jointly and severally against Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION FOR FRAUD Against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.:

1.    For actual damages in the amount of $1,200,000;

2.    For interest on $1,200,000 from and after the date when the same became due at the rate allowed by law;

3.    For exemplary and punitive damages against these Defendants;

4.    For court costs incurred;

5.    For such other and further relief as this Court may deem just and proper.

ON THE SECOND CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY:

1.    For actual damages in the amount of $1,200,000;

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1          2.    For interest on said sums from and after the date when the same

2                became due at the rate allowed by law;

3          3.    For court costs incurred;

4          4.    For such other and further relief as this Court may deem just and

5                proper.

6          ON THE THIRD CAUSE OF ACTION FOR VIOLATION 18

7    U.S.C. 1962(C) OPERATION OF ENTERPRISE THROUGH

8    RACKETEERING ACTIVITY against Defendants KENNETH ALFRED

9    MILLER; GEORGE CRESSON; SOUTH BAY REAL ESTATE

10   COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.:

11         1.    For actual damages in the amount of $1,200,000;

12         2.    For disgorgement of all monies earned on the money delivered by

13               CONCORDE to Defendants;

14         3.    For interest on said sums from and after the date when the same

15               became due at the rate allowed by law;

16         4.    For treble damages and attorney's fees pursuant to 18 U.S.C. 1962(C),

17               et seq.;

18         5.    For court costs incurred;

19         6.    For such other and further relief as this Court may deem just and

20               proper.

21         ON THE FOURTH CAUSE OF ACTION FOR VIOLATION OF

22   UNFAIR BUSINESS PRACTICES ACT against Defendants KENNETH

23   ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.;

24   SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH

25   BAY REAL ESTATE COMMERCE GROUP, LLC; PETER SCOTT

26   CARTER, Jr.:

27         1.    For restitution, according to proof;

28

2.  For disgorgement of all monies earned on the money earned by virtue of Defendants' unfair business practices;

3.  For interest on said sums from and after the date when the same became due at the rate allowed by law;

4.  For attorney fees and court costs incurred;

6.  For such other and further relief as this Court may deem just and proper.

ON THE FIFTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY against Defendants KENNETH ALFRED MILLER and SENTINEL INVESTMENT MANAGEMENT COMPANY:

1.  For actual damages in the amount of $1,200,000;

2.  For interest on said sums from and after the date when the same became due at the rate allowed by law;

3.  For exemplary and punitive damages against these Defendants;

4.  For court costs incurred;

5.  For such other and further relief as this Court may deem just and proper.

ON THE SIXTH CAUSE OF ACTION FOR MONEY HAD AND RECEIVED against Defendants KENNETH ALFRED MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.:

1.  For actual damages in the amount of $1,200,000;

2.  For interest on said sums from and after the date when the same became due at the rate allowed by law;

3.  For court costs incurred;

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

4.  For such other and further relief as this Court may deem just and
    proper.

ON THE SEVENTH CAUSE OF ACTION FOR BREACH OF

WRITTEN CONTRACT against Defendants KENNETH ALFRED

MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL

INVESTMENT MANAGEMENT COMPANY:

1.  For actual damages in the amount of $930,000;

2.  For the benefit of the bargain under the terms and conditions of the
    written agreements entered into, in an amount according to proof at
    time of trial;

3.  For interest on said sums from and after the date when the same
    became due at the rate allowed by law;

4.  For court costs incurred;

5.  For such other and further relief as this Court may deem just and
    proper.

ON THE EIGHTH CAUSE OF ACTION FOR BREACH OF

ORAL CONTRACT against Defendants KENNETH ALFRED MILLER;

GEORGE CRESSON; LOANVEST XIII, L.P.; and SENTINEL

INVESTMENT MANAGEMENT COMPANY:

1.  For actual damages in the amount of $930,000;

2.  For the benefit of the bargain under the terms and conditions of the oral
    agreements entered into, in an amount according to proof at time of
    trial;

3.  For interest on said sums from and after the date when the same
    became due at the rate allowed by law;

4.  For court costs incurred;

5.  For such other and further relief as this Court may deem just and
    proper.

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-30-

1        ON THE NINTH CAUSE OF ACTION FOR BREACH OF

2  COVENANT OF GOOD FAITH AND FAIR DEALING against

3  Defendants KENNETH ALFRED MILLER; GEORGE CRESSON;

4  LOANVEST XIII, L.P.; and SENTINEL INVESTMENT

5  MANAGEMENT COMPANY:

6          1.   For actual damages in the amount of $930,000;

7          2.   For the benefit of the bargain under the terms and conditions of the

8               written and oral agreements entered into, in an amount according to

9               proof at time of trial;

10          3.   For interest on said sums from and after the date when the same

11               became due at the rate allowed by law;

12          4.   For court costs incurred;

13          5.   For such other and further relief as this Court may deem just and

14               proper.

15        ON THE TENTH CAUSE OF ACTION FOR QUASI-

16  CONTRACT against Defendants KENNETH ALFRED MILLER;

17  GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL

18  INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL

19  ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER,

20  Jr.;

21          1.   For actual damages in the amount of $930,000;

22          2.   For disgorgement of all monies earned on the money delivered by

23               CONCORDE to Defendants, according to proof at time of trial;

24          3.   For interest on said sums from and after the date when the same

25               became due at the rate allowed by law;

26          4.   For court costs incurred;

27          5.   For such other and further relief as this Court may deem just and

28               proper.

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1        ON THE ELEVENTH CAUSE OF ACTION FOR

2  DECLARATORY RELIEF against Defendants KENNETH ALFRED

3  MILLER; GEORGE CRESSON; LOANVEST XIII, L.P.; SENTINEL

4  INVESTMENT MANAGEMENT COMPANY; SOUTH BAY REAL

5  ESTATE COMMERCE GROUP, LLC; and PETER SCOTT CARTER,

6  Jr.:

7                1.  A judicial declaration of the rights, beneficial interests, and liabilities

8                    of the parties resulting from the ROEM Transaction;

9                2.  For costs of suit incurred;

10              3.  For such other and further relief as this Court may deem just and

11                    proper.

12      ON THE TWELFTH CAUSE OF ACTION FOR RESULTING

13  TRUST against Defendants KENNETH ALFRED MILLER; GEORGE

14  CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT

15  MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE

16  COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.:

17              1.  That CONCORDE's beneficial interests as declared by this Court and

18                    received by said Defendants in the ROEM Transaction be deemed to be

19                    held in trust by said Defendants for the benefit of CONCORDE;

20              2.  That Defendants holding said beneficial interests in trust for

21                    CONCORDE be ordered to deliver said interests to CONCORDE;

22              3.  That a lien be deemed established against said beneficial interests held

23                    by Defendants for the benefit of CONCORDE;

24              4.  For costs of suit incurred;

25              5.  For such other relief as this Court may deem appropriate.

26      ON THE THIRTEENTH CAUSE OF ACTION FOR ESCROW

27  NEGLIGENCE against Defendant OLD REPUBLIC TITLE COMPANY:

28              1.  For actual damages in the amount of $930,000;

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

1           2.    For interest on $930,000 from and after November 13, 2009 at the rate

2                 allowed law;

3           3.    For such other and further relief as this Court may deem just and

4                 proper.

5        ON THE FOURTEENTH CAUSE OF ACTION FOR BREACH

6 OF FIDUCIARY DUTY - ESCROW against Defendant OLD REPUBLIC

7 TITLE COMPANY:

8           1.    For actual damages in the amount of $930,000;

9           2.    For interest on $930,000 from and after November 13, 2009 at the rate

10                allowed law;

11           3.    For such other and further relief as this Court may deem just and

12                proper.

13        ON THE FIFTEENTH CAUSE OF ACTION FOR QUIA TIMET

14 against Defendants KENNETH ALFRED MILLER; GEORGE

15 CRESSON; LOANVEST XIII, L.P.; SENTINEL INVESTMENT

16 MANAGEMENT COMPANY; SOUTH BAY REAL ESTATE

17 COMMERCE GROUP, LLC; and PETER SCOTT CARTER, Jr.:

18           1.    For a temporary restraining order, a preliminary injunction and a

19 permanent injunction, all enjoining defendants and each of them, as well as their agents,

20 servants, employees, attorneys and all persons acting under, in concert with, or for them,

21 from further transferring assets in any way related to the ROEM transaction without the

22 express written consent and order of this Court.

23

24 Dated:   May 17, 2010                GCA LAW PARTNERS LLP

25

26

27                       By:   _/s/  Kenneth R. Van Vleck_____
                                KENNETH R. VAN VLECK

28                                 JAMES L. JACOBS
                                 Attorneys for Plaintiff

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

-33-

1           CONCORDE EQUITY II, LLC

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –           -34-
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC

1

2                              **DEMAND FOR JURY TRIAL**

3              Pursuant to FRCP 38(b), Plaintiff CONCORDE hereby demands a jury trial.

4

5    Dated:   May 17, 2010                          GCA LAW PARTNERS LLP

6

7

8                                      By:   _ /s/_ Kenneth R. Van Vleck_____
                                            KENNETH R. VAN VLECK
9                                           JAMES L. JACOBS
                                            Attorneys for Plaintiff
10                                          CONCORDE EQUITY II, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GCA Law Partners LLP
1891 Landings Drive
Mountain View, CA  94043
(650)428-3900

SECOND -AMENDED COMPLAINT –            -35-
CONCORDE EQUITY II, LLC V. KENNETH
ALFRED MILLER, ET AL  -  CV 10 1041 SC