IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCORDE EQUITY II, LLC, a Delaware limited liability company;<br><br>    Plaintiff,<br><br>    vs.<br><br>KENNETH ALFRED MILLER, an individual; GEORGE CRESSON, an individual; LOANVEST XIII, L.P., a California Limited Partnership; SENTINEL INVESTMENT MANAGEMENT COMPANY, a California Corporation; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC, a California Limited Liability Company; PETER SCOTT CARTER, Jr., an individual; and OLD REPUBLIC TITLE COMPANY, a Vermont corporation,<br><br>    Defendants. | Case No. 10-1041 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF TEMPORARY RECEIVER; CONCURRENT APPOINTMENT OF PERMANENT RECEIVER; AND PRELIMINARY INJUNCTION |

I. **INTRODUCTION**

This matter comes before the Court on the Motion for Appointment of Temporary Receiver; Concurrent Appointment of Permanent Receiver; and Preliminary Injunction filed by Plaintiff Concorde Equity II, LLC ("Plaintiff"). Docket No. 17 ("Motion"). Defendants Kenneth Alfred Miller and Sentinel Investment Management Company (collectively, "Miller Defendants") filed an Opposition. Docket No. 28 ("Miller Opp'n"). Defendants Loanvest XIII, L.P., South Bay Real Estate Commerce Group, Peter Scott Carter, Jr., and George Cresson (collectively, "Loanvest Defendants") filed an

Opposition. Docket No. 30 ("Loanvest Opp'n"). Plaintiff submitted a Reply. Docket No. 31. For the reasons stated herein, the Court DENIES the Motion.

## II. BACKGROUND

### A. Procedural Background

This case was removed to federal court on March 11, 2010. See Docket No. 1 ("Notice of Removal"). Plaintiff filed a First Amended Complaint ("FAC") on March 16, 2010. See Docket No. 8 ("FAC"). The Loanvest Defendants and the Miller Defendants filed motions to dismiss. See Docket Nos. 14, 15. Plaintiff filed this Motion for Appointment of Receiver on April 12, 2010, and the Court denied Plaintiff's request for the Court to hear the Motion on shortened time. Docket No. 25 ("Apr. 20, 2010 Order"). Shortly thereafter, the parties stipulated that Plaintiff could file a Second Amended Complaint ("SAC") and that the pending motions to dismiss could be taken off calendar. Docket No. 27 ("Stipulation and Order"). Plaintiff's SAC was filed on May 17, 2010. Docket No. 34 ("SAC").

### B. Factual Background

In the SAC, Plaintiff makes the following allegations. Plaintiff is a technology investment company. Id. ¶ 3. Plaintiff provided funding for a loan from Loanvest XIII, L.P., to Roem Builders and/or Roem Development Company ("Roem"). Id. ¶ 22. Various Defendants represented that Plaintiff would be entitled to a return of 17% of the contributed money, as well as three points for loan origination fees and one point on the total loan amount. Id. ¶ 23. When the loan closed, Plaintiff was supposed to go

2

direct on title, with title insurance, and the money Plaintiff placed in escrow was not supposed to be transferred out of the escrow account without Plaintiff's written consent. Id. ¶¶ 27-28.

On or about October 21, 2009, Plaintiff wired $930,000 into an Old Republic Title Company escrow account. Id. ¶ 29. In November 2009, Rob Fitzgerald ("Fitzgerald"), Plaintiff's managing partner, was told that the first disbursement of the loan was being cut in half. Id. ¶ 30. In response, Plaintiff sought to have its participation in the loan cut in half. Id. ¶ 32. Plaintiff alleges that its money was removed from the Old Republic Title Company escrow account without its permission, and that the money was used to fund a loan transaction that closed on November 13, 2009 ("the Roem loan"). Id. ¶¶ 37-42. Plaintiff was told that it did not have any participatory interest in the Roem loan, and that its money was not secured in any way. Id. ¶ 40. Plaintiff asserts fifteen causes of action against the Miller Defendants, the Loanvest Defendants, and the Old Republic Title Company, including fraud, negligent misrepresentation, violations of the Racketeer Influenced and Corrupt Organization Act, and breach of contract. Id. ¶¶ 43-135.

Plaintiff seeks appointment of a temporary -- and later permanent -- receiver to service the Roem loan, and to obtain and retain payments from Roem. Mot. at 4. Plaintiff also seeks a preliminary injunction compelling Defendants to cooperate with the receiver by delivering books and records of monies received related to the loan at issue. Id. Plaintiff alleges that the Roem loan will be repaid in full in July 2010, and that Plaintiff's money

3

"will be lost forever, and CONCORDE will be unable to collect on any judgment against defendants." Id. at 11.

### III. LEGAL STANDARD

Appointing a receiver is an "extraordinary equitable remedy," which should be applied with caution. Canada Life Assurance Co. v. LaPeter, 563 F.3d 837, 844 (9th Cir. 2009). While there is no precise formula for determining when a receiver may be appointed, federal courts consider a variety of factors, including:

> (1) whether [the party] seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and, (7) whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership.

Id. (quotation marks and citations omitted). "[T]he district court has broad discretion in appointing a receiver, . . . it may consider a host of relevant factors, and . . . no one factor is dispositive." Id. at 845.

### IV. DISCUSSION

Plaintiff alleges that it will suffer irreparable harm if the Court does not appoint a receiver to manage the loan repayments being made by Roem to various Defendants. Mot. at 11-12. Plaintiff asserts that Defendants will probably abscond with the

4

proceeds of the loan repayments, or that the funds will be concealed or squandered. Id. at 13, 15.

The circumstances of this case do not warrant the extraordinary equitable remedy Plaintiff seeks. In Canada Life Assurance, the Ninth Circuit upheld the appointment of a receiver to manage a shopping mall, where income from the mall was being inappropriately diverted, and where there was a risk that the value of the mall might be insufficient to discharge the debt it secured. 563 F.3d at 845. Those kind of equitable considerations are not at play in this case.

Here, Plaintiff's Prayer for Relief shows that it seeks legal remedies; Plaintiff wants the return of the money used to fund the Roem loan, plus various other forms of monetary relief, including interest, punitive damages, court costs and attorney fees. See SAC at 27-33. As such, Plaintiff's alleged injury is compensable in damages and appointment of a receiver is not appropriate. See Leighton v. One William Street Fund, Inc., 343 F.2d 565, 568 (2nd Cir. 1965) (receiver inappropriate where alleged waste of assets would be compensable in damages).

Plaintiff is concerned that the money taken from the Old Republic Title Company escrow account will be "lost forever" and that Plaintiff will be unable to collect on a judgment against Defendants. See Fitzgerald Decl. ¶ 26.[1] However, Plaintiff's own allegations undercut this concern. Plaintiff alleges that the Roem loan may be repaid in full in July 2010. Id. ¶ 25. If so, then

---

[1] Fitzgerald filed a Declaration in Support of the Motion. Docket No. 18. The Miller Defendants filed an evidentiary objection to Fitzgerald's statement. Docket No. 29. The Court overrules the objection and considers the statement, although, as explained below, the Court is not convinced by Fitzgerald's statement.

5

1  Defendants should be able to satisfy any judgment against them.
2  Here, there is nothing to suggest that any of the Defendants are of
3  doubtful financial standing, and nothing to suggest that legal
4  remedies would be inadequate.  See Canada Life Assurance, 563 F.3d
5  at 844 (factors to consider include defendant's doubtful financial
6  standing and inadequacy of legal remedies).  There is also nothing
7  to suggest that Plaintiff's money is in imminent danger of being
8  lost, concealed, injured, diminished in value, or squandered.
9  Finally, denying Plaintiff's request for appointment of a receiver
10 does not impede Plaintiff's ability to continue to prosecute this
11 action against Defendants, whereas appointment of a receiver has
12 the potential to impose costs on Defendants, see Carter Decl. ¶ 8,[2]
13 and would complicate this case unnecessarily.  Accordingly, the
14 Court DENIES Plaintiff's request for appointment of a receiver.
15     For the same reasons, the Court DENIES Plaintiff's request for
16 a preliminary injunction compelling Defendants to cooperate with a
17 receiver.  A plaintiff seeking preliminary injunctive relief must
18 establish a likelihood of success on the merits; a likelihood of
19 irreparable harm in the absence of preliminary relief; that the
20 balance of equities tips in favor of an injunction, and that an
21 injunction is in the public interest.  Winter v. Natural Resources
22 Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  Here, Plaintiff
23 has not shown a likelihood of irreparable harm.  Plaintiff seeks
24 the return of its money, and "monetary injury is not normally

---

[2] Peter Scott Carter ("Carter"), owner of South Bay Real Estate Commerce Group, LLC ("South Bay"), filed a Declaration in Opposition to the Motion.  Docket No. 30-1.  Plaintiff filed an evidentiary objection to Carter's statement.  Docket No. 32.  As the owner of South Bay, which is the managing general partner of Loanvest XIII, L.P., Carter is competent to testify regarding the effects of appointing a receiver.

6

considered irreparable."  Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980).  As explained above, Plaintiff's own allegations suggest Defendants should be able to satisfy any judgment against them.  Under these circumstances, injunctive relief is not warranted.

## V.   CONCLUSION

For the reasons stated above, the Court DENIES the Motion for Appointment of Temporary Receiver; Concurrent Appointment of Permanent Receiver; and Preliminary Injunction filed by Plaintiff Concorde Equity II, LLC.

IT IS SO ORDERED.

Dated:   June 9, 2010

UNITED STATES DISTRICT JUDGE